**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SELMA PINCHEFSKY,
Plaintiff-Appellant,

v.

No. 96-1898

COMMUNICATIONS WORKERS OF
AMERICA, AFL-CIO,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-615)

Submitted: March 31, 1997

Decided: April 11, 1997

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly D. Crawford, Sa'ad El-Amin, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellant. Kimberly Neeb, COMMUNICA-
TIONS WORKERS OF AMERICA, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Selma Pinchefsky appeals the district court's order granting the Communications Workers of America AFL-CIO's (CWA) motion for summary judgment. She claims that the district court erred in finding that her claim for breach of the duty of fair representation against CWA was barred by the applicable statute of limitations period. She also claims that the district court erred in finding that her claim is barred because she failed to avail herself of the union's internal appeals procedure. For the reasons set forth below, we affirm.

Pursuant to the National Labor Relations Act, § 10(b), 29 U.S.C. § 160(b) (1994), the statute of limitations period for Pinchefsky's claim is six months. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983). The issue before us is whether Pinchefsky should have known of her injury based on an August 3, 1994, meeting she had with the President of her local, in which CWA claims Pinchefsky was informed that it intended to withdraw its arbitration demand previously advanced on her behalf. Pinchefsky testified in her deposition that she recalled this meeting, and that she was informed at this meeting about CWA's internal appeals process. While Pinchefsky later submitted an affidavit in which she denies remembering the meeting, we agree with the district court that this denial is not sufficient to overcome her deposition testimony, or to create a genuine issue of material fact. See Military Servs. Realty, Inc. v. Realty Consultants of Virginia, Ltd., 823 F.2d 829, 832 (4th Cir. 1987). We therefore find that Pinchefsky knew or should have known that CWA was withdrawing its arbitration demand as of August 3, 1994, and that her claim is accordingly barred by the statute of limitations. We further find that Pinchefsky's claim is barred based on her failure to avail herself of CWA's internal appeals process. See Clayton v. United Auto. Workers, 451 U.S. 679, 681 (1981).

AFFIRMED

2